UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| ROMELLY DASTINOT | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUBURN POLICE DEPARTMENT, | ) | Docket No.  2:18-cv-00166-JAW |
| CITY OF AUBURN, | ) | |
| PHILLIP L. CROWELL, JR., | ) | |
| CANNINE OFFICER ROCKY, | ) | |
| LT. SCOTT WATKINS, | ) | |
| OFFICER TYLER HAM, and | ) | |
| OFFICER MARK LEMOS | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants hereby move to dismiss, in part,

Plaintiff's Complaint.  While Plaintiff purports to bring a plethora of constitutional, federal and

state law claims, the gravamen of his Section 1983 Complaint is that Defendants Watkins, Ham,

and Lemos used excessive force against him in violation of his Fourth Amendment rights.  For

the reasons set forth below, Plaintiff's remaining allegations fail to state a claim upon which

relief can be granted.

**INTRODUCTION[1]**

Plaintiff alleges that on the evening of February 15, 2014, as he was waiting for a taxicab

outside of the Naral Club in Auburn, Maine, Plaintiff was unlawfully arrested and subjected to

excessive force by Defendants Auburn police officers Lemos and Watkins.  Complaint at ECF

---

[1] The facts alleged in the Complaint are accepted as true only for the purpose of this Partial Motion to Dismiss.

PageID# 9-10.  Plaintiff also alleges that Officer Ham used excessive force against him by instructing his police dog, Defendant canine officer Rocky to attack him.  Complaint at ECF PageID# 10-11.  Plaintiff further alleges that when he asked for the reason why he was being arrested, Officer Lemos "in retaliation for the Plaintiff questioning why he was being arrested was immediately met with 'excessive force' and 'assaulted' with being TAZED repeatedly as he fell on the concrete."  *Id.*  at ECF PageID# 10.

Plaintiff subsequently filed this civil rights action pursuant to 42 U.S.C. § 1983.  In addition to naming Auburn police officers Lemons, Watkins, and Ham as defendants, Plaintiff also names the City of Auburn, the Auburn Police Department, Chief of Police Crowell, Jr., and canine officer Rocky as defendants.  Plaintiff alleges that he was subjected to excessive force in violation of his Fourth Amendment rights.  He also alleges that his right to freedom of speech was infringed and that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendants during his arrest.  Plaintiff also brings federal and state tort claims for negligence, false arrest, abuse of process, intentional infliction of emotional distress, and assault.  For the reasons set forth below, Defendants seek dismissal of: (1) all claims against Defendants Auburn Police Department and Canine Officer Rocky; (2) all Federal and State law tort claims; (3) all Section 1983 claims against Defendants Chief of Police and City of Auburn; (4) all Section 1983 claims for alleged violations of Plaintiff's First and Eighth Amendment rights; and (5) Plaintiff's claims for declaratory and injunctive relief.[2]

---

[2] Although Plaintiff does not cite to the Maine Civil Rights Act, he appears to allege violations of substantive rights under the Maine Constitution. The disposition of Plaintiff's Section 1983 claims controls the outcome of Plaintiff's claims for violations of his state constitutional rights. *See Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007).  Therefore, to the extent the Complaint can be read as asserting claims under the Maine Constitution, they should be dismissed for the same reasons discussed herein with regard to the analogous federal constitutional claims.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true but need not accept "a legal conclusion couched as a factual allegation," s*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and is "not bound to credit bald assertions, unsupportable conclusions, and opprobrious epithets." *Campagna v. Mass. Dep't of Envtl. Prot*., 334 F.3d 150, 155 (1st Cir. 2003) (internal quotation marks omitted). Where factual allegations are so general that they only allow an inference of the possibility of misconduct, the complainant "has not nudged [his] claims . . . across the line from conceivable to plausible," *See Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570) (internal quotation mark omitted). Additionally, courts have "no duty to conjure up unpled allegations in order to bolster the plaintiff's chances of surviving a 12(b)(6) motion to dismiss." *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444 (1st Cir. 1990).

## ARGUMENT

**I.  THE AUBURN POLICE DEPARTMENT AND CANINE OFFICER ROCKY ARE NOT PROPER DEFENDANTS**

### A.  The Auburn Police Department is Not a Separate Legal Entity

Plaintiff has named the Auburn Police Department as a defendant. The claims against the Auburn Police Department must be dismissed because the Police Department is simply a department of the City of Auburn and not a separate political entity that has the capacity to sue and be sued. *See, e.g.*, *Norton v. City of South Portland*, 831 F Supp. 2d 340, 360 n.14 (Me. 2011); *cf. Estate of Hampton v. Androscoggin Cnty.*, 245 F. Supp. 2d 150, 158 n.17 (D. Me. 2003) ("Defendants correctly observe that there effectively is only one municipal defendant, the County, of which the Department is a subdivision."). The City of Auburn is the only proper

entity for purposes of Plaintiff's allegations of municipal liability, to the extent there are any. *See Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir.1996) (entities such as a police department lack legal identity apart from a town and therefore are not properly named as defendants in a section 1983 suit); *Johnson v. City of Biddeford*, No. 2:17-CV-00264-JDL, 2018 WL 1173428, at *1 (D. Me. Mar. 6, 2018). Accordingly, the Auburn Police Department should be dismissed from this case.

### B.  Defendant Rocky is a Dog

Plaintiff has named Canine Officer Rocky as a defendant. Officer Rocky is a dog. Complaint at ECF PageID# 11.  Maine's Animal Welfare Act, which addresses damages by animals, defines a "dog" as "a member of the genus and species known as canis familiaris . . . or any canine regardless of generation."  7 M.R.S. § 3907(12-C).  The Animal Welfare Act defines an "owner" as "a person owning, keeping or harboring a dog or other animal" and a "person" as "an individual, corporation, partnership, association or any other legal entity."  *Id.* § 3907(21)(22).  The Animal Welfare Act provides a private cause of action against a dog's *owner* of a dog for any injuries.  *Id.* § 3961.  While the Maine Tort Claims Act does not separately define the term "person," an employee is defined as a *person* acting on behalf of a governmental entity in any official capacity." 14 M.R.S. § 8102(1) (emphasis added).  A dog does not qualify as a "person" or "employee" under the Maine statutes governing animals or torts against governmental employees.  Similarly the language of 28 U.S.C. § 1983 contemplates liability for "[A]ny *person* who, under color of any law . . . shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Under the Dictionary Act, 1 U.S.C. § 1, the word "'person" does not include dogs.  A direct claim against a dog for civil liability is not contemplated under Maine law or 42 U.S.C. § 1983.

Not surprisingly, courts faced with negligence and excessive force claims against police dogs have recognized that lawsuits directly against a dog "would create an abundance of practical problems." *Jones v. Fransen*, 857 F.3d 843, 857 (11th Cir. 2017) (dismissing negligence claim against a police dog and acknowledging difficulties in analyzing immunity and expecting a dog to pay damages); *see also Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) ("A suit against a dog poses a host of other problems. . . Could [the dog] claim qualified immunity?"). Plaintiff's separate claim seeking to hold Rocky directly liable is "simply not suited for resolution in our adversarial process." *Fransen*, 857 F.3d. at 858; *see also Dye*, 253 F.3d at 299–300 ("All things considered, it is best to follow the Dictionary Act and hold that a dog is not a proper defendant in litigation under § 1983."). Plaintiff has named Rocky's handler as a defendant; his claims directly against Canine Officer Rocky are therefore improper and must be dismissed.

## II.   PLAINTIFF'S FEDERAL AND STATE TORT CLAIMS MUST BE DISMISSED

### A.   Plaintiff's Claims Under the FTCA Fail Because Defendants are Not Employees of the Federal Government

Plaintiff purports to bring claims for "gross negligence and excessive use of force" under the Federal Tort Claims Act ("FTCA"). Complaint, ECF PageID# 4-5. The FTCA is a remedy for injuries arising from the negligent or wrongful acts or omissions of any employee of the *federal* government. *See* 28 U.S.C. § 2671, 2679. Plaintiff's FTCA claims against Defendants fail to state a claim upon which relief can be granted because the individual Defendants are not employees of a federal agency. Plaintiff alleges that they are employees of a State agency – the City of Auburn, Maine – and were acting under color of state law. Complaint, ECF PageID# 3-4. The remedies provided under the FTCA only apply to employees of the federal government

that were acting on behalf of a federal agency.  28 U.S.C. § 2671, 2679.  Therefore, all of

Plaintiff's claims under the FTCA must be dismissed.

> B.  Plaintiff's State Law Tort Claims are Barred by the Statute of Limitation
>     under the Maine Tort Claims Act.

Plaintiff alleges state law tort claims of assault, battery, abuse of process, false

arrest/imprisonment, negligence, and intentional infliction of emotional distress.  Complaint at

ECF PageID# 6-8, 12.  Plaintiff's claims are against a governmental entity, the City of Auburn,

and its employees, the individual officers of the Auburn Police Department.  *Id.* at ECF

PageID#6-7; *see also* 14 M.R.S. § 8102(1)-(3).  The state law tort claims against the Defendants

must be dismissed because they are barred by the statute of limitation under the Maine Tort

Claims Act ("MTCA").  *See* 14 M.R.S. § 8110.  Under the MTCA, "[e]very claim against a

governmental entity or its employees permitted under this chapter is forever barred from the

courts of this State, unless an action therein is begun within 2 years after the cause of action

accrues."  *Id.*  Plaintiff alleges that the events giving rise to his state law tort claims occurred on

February 15, 2014.  Complaint, ECF PageID# 9.  Plaintiff was required to commence his action

by February 15, 2016.  Plaintiff's Complaint was filed on April 23, 2018, far beyond the two-

year statute of limitation.  Doc. No. 1.  His state law tort claims are barred under the Maine Tort

Claims Act and must be dismissed with prejudice for failure to state a claim upon which relief

can be granted.

### III.  PLAINTIFF HAS FAILED TO PLEAD A COGNIZABLE SECTION 1983 CLAIM AGAINST THE CHIEF OF POLICE AND THE CITY OF AUBURN

"Section 1983 establishes a civil cause of action for the deprivation of constitutional

rights."  *Garcia-Gonzalez v. Puig-Morales*, 761 F.3d 81, 87 (1st Cir. 2014).  Section 1983 serves

as a "method for vindicating federal rights elsewhere conferred by those parts of the United

States Constitution and the federal statutes that it describes," but does not in and of itself create a substantive right. *Baker v. McCollan*, 443, U.S. 137, 145 (1979). Thus, to make such a claim, the plaintiff must first "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The crux of Plaintiff's civil rights Complaint under 42 U.S.C. § 1983 is a violation of his Fourth Amendment right to be free from an unlawful seizure and excessive force. A Fourth Amendment violation actionable under section 1983 for an unlawful arrest or excessive force necessarily requires an allegation that there was a "seizure" or force used against Plaintiff. Within the meaning of the Fourth Amendment, a "seizure" of a person occurs when there is "meaningful interference, however brief, with an individual's freedom of movement." *United States v. Jacobsen*, 466 U.S. 109, 114, n.5, 104 S. Ct. 1652, 1656 (1984).

Plaintiff names the Chief of Police, Phillip L. Crowell, Jr. and the City of Auburn as Defendants in his Complaint brought under 42 U.S.C. § 1983. Complaint at ECF PageID# 1, 2. However, Plaintiff has failed to plead a cognizable Section 1983 claim against the Chief and the City of Auburn. There is no allegation that the Chief seized Plaintiff or used any force against him. A City, necessarily, cannot do either. A supervisor can be liable under section 1983 for constitutional violations if he or she formulates a policy or engages in a practice that directly leads to a subordinate's violation of the Constitution. *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994). But "[i]t is well settled, however, that "supervisory liability under § 1983 cannot be predicated on a respondeat [superior] theory, but only on the basis of the supervisor's own acts or omissions." *Buchanan v. State of Maine*, 417 F. Supp. 2d 45, 69 (D. Me. 2006) (quoting *Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir. 1998)). Besides describing his role as the Chief of Police, Plaintiff fails to articulate a claim for supervisory liability against the Chief. Plaintiff alleges that the Chief is "legally responsible for the overall

operations of the Police Department and the individual subordinate Officer's employed under his supervision."  Complaint at ECF PageID #6.  He further alleges that the Chief is "responsible for all of his subordinate officers [sic] individual training and/or impermissible acts while operating as law enforcement officers in the City of Auburn."  *Id.*  These allegations, at most, allege a claim based on a theory of respondeat superior against the Chief.  But this is insufficient to allege a cognizable Section 1983 claim.

Similarly, Plaintiff's Section 1983 claims against the City of Auburn fail.  Although Plaintiff names the City of Auburn as a Defendant, there appear to be no allegations directed at the City, except for allegations that the individual defendants are employed by the City of Auburn or were acting in their capacity as law enforcement officers for the City of Auburn.  *See, e.g.* Complaint at ECF PageID# 12.  This is insufficient even under the minimal standards of notice pleading under *Twombly*. *See also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."); *Salgado-Santiago v. Am. Baler Co.*, 394 F. Supp. 2d 394, 406 (D.P.R. 2005) ("the pleadings in a complaint are sufficient if the 'allegations are detailed and informative enough to enable the defendant to respond.'" (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1215 (3d ed. 2002)).  The law is well settled that a municipality cannot be held vicariously liable under § 1983 for its employees' actions; it can only be held responsible for its own acts.  *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.").  There are no allegations that the challenged actions were representative of an official policy or custom of the institution or policy maker.  *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir.2005).  Plaintiff, at most, alleges that the City and the Chief are vicariously liable for the alleged actions of officers Ham, Lemos and Watkins.

However, section 1983 claims based on *respondeat superior* or vicarious liability are not actionable under § 1983.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  The allegations in the Complaint fall far short of the standard required to state a § 1983 claim for supervisory or municipal liability.  Therefore Plaintiff's Section 1983 claims against Defendants Chief of Police, Phillip L. Crowell, Jr. and the City of Auburn must be dismissed for failure to state a claim upon which relief can be granted.

IV.   **PLAINTIFF HAS FAILED TO STATE COGNIZABLE FIRST AND EIGHTH AMENDMENT CLAIMS**

A.  Plaintiff's Allegations of First Amendment Violations Do Not Meet the
    <u>*Twombly* Standard and are Merely Legal Conclusions</u>

Plaintiff alleges that Defendants violated his First Amendment right to freedom of speech.  Complaint at ECF PageID# 12.  However, even given a generous reading, Plaintiff's Complaint alleges a Fourth Amendment claim for false arrest and excessive force against officers Lemos, Ham, and Watkins – not a claim for violating Plaintiff's freedom of speech. Plaintiff alleges that he and his friends were standing outside of the Naral Club waiting for a taxi when Lt. Watkins asked them "in an unfriendly manner, 'What were they standing around loitering around the Naral Club area.'"  Complaint at ECF PageID# 9. Plaintiff replied that they were waiting for a taxi to pick them up when Lt. Watkins grabbed Plaintiff and slammed him against a car.  *Id.*  Plaintiff again repeated that he was only waiting for a taxi when Lt. Watkins told him he was under arrest.  Complaint at ECF PageID# 10.  Plaintiff alleges that he asked Lt. Watkins why he was under arrest, at which point Officer Lemos, "in retaliation for the Plaintiff questioning why he was being arrested was immediately met with 'Excessive Force' and 'Assaulted'. . . ." *Id.*  Plaintiff alleges that the "above mentioned violations of law violated . . . [his] constitutional protection free speech rights."  Complaint at ECF PageID# 12.

In order to state a First Amendment retaliation claim, a plaintiff must allege that he "engaged in protected activity, that the state took an adverse action against him, and that there is a causal link between the former and the latter." *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011).  Besides the single allegation against Defendant Lemos, Plaintiff fails to allege any conduct on the part of Defendants implicating Plaintiff's First Amendment rights.  Even considering the allegation against Lemos, Plaintiff's Complaint is insufficient to state a cognizable First Amendment claim under Section 1983.  It states nothing more than a legal conclusion.  The conclusory allegations that his First Amendment protected free speech rights were violated does not meet even the liberal pleading standard.  *See Leonardo v. Moran*, 611 F.2d 397, 398 (1st Cir. 1979).  Plaintiff alleges facts that implicate the Fourth Amendment; finding a cognizable First Amendment claim based on the thread bare allegations in the Complaint is far too strained a reading.

###### B.   The Eighth Amendment Is Not Implicated Based on Plaintiff's Allegations

Plaintiff also alleges that Defendants violated his Eighth Amendment rights by using excessive force against him during his arrest.  Complaint, ECF Page ID# 8, 11.  Plaintiff's Eighth Amendment claims based on an alleged excessive use of force fail to state a claim upon which relief can be granted.  The Eighth Amendment's Cruel and Unusual Punishments Clause "was designed to protect those *convicted* of crimes." *Whitley v. Albers*, 475 U.S. 312, 318–19, 106 S. Ct. 1078, 1083–84, 89 L. Ed. 2d 251 (1986) (internal citation omitted) (emphasis added).  *See also Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").  Plaintiff's allegations of excessive force arise in connection with his arrest.  *See* Complaint, ECF PageID #9-11.  Such claims implicate

the Fourth Amendment. *See* U.S. Const. Amend. IV; *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (U.S. 1989); *Albright v. Oliver*, 510 U.S. 266, 271–72, 114 S. Ct. 807, 811–12 (1994).

Plaintiff also alleges that "[w]hile being detained at the police station, the plaintiff overheard an *unidentified Officer* verbally instruct the booking officers to assign a [sic] inappropriate 'high bail'" against my ability to bond out . . ." Complaint, ECF PageID #11 (emphasis added).  To the extent this allegation implicates the bar on excessive bail under the Eighth Amendment, this claim also must be dismissed.  There are no allegations that these named Defendants participated in instructing or securing an inappropriate high bail. Plaintiff only alleges that an "unidentified officer" did so.  *Id.*  There are also no allegations that an excessive bail was actually assigned. Under the Maine Bail Code, a Maine Bail Commissioner is a statutorily designated "judicial officer" and is required to act as a neutral and detached judicial officer in determining whether and under what circumstances an arrestee should be admitted to bail. 15 M.R.S. § 1003(8); *see also* 15 M.R.S. § 1001 *et seq.*  A defendant in custody is entitled to a de novo determination of bail as a result of a decision of a bail commissioner and may file a petition seeking such review in the State of Maine's Unified Criminal Docket.  *Id.* § 1028.  There are no allegations in Plaintiff's Complaint that he sought such review in state court.  Plaintiff's failure to allege any facts that he exhausted the remedies provided under the Maine Bail Code bars Plaintiff's present constitutional claim regarding his bail since he had adequate remedies under state law to seek redress.  Plaintiff cannot use the Civil Rights Act to circumvent the remedies provided under state law. *Cf.  Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002); *see also Moore v. DeYoung*, 515 F.2d 437, 442–43 (3d Cir. 1975).

## V.    PLAINTIFF'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF MUST BE DENIED.

Plaintiff requests a declaration that the acts and omissions described in his complaint violated his constitutional rights.  Complaint at ECF PageID# 13.  Plaintiff also seeks injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.  *Id.* at ECF PageID# 5.  Plaintiff's request for declaratory and injunctive relief must be denied.  There are no allegations that there is an ongoing violation of law to justify injunctive relief, and declaratory relief would serve no useful purpose.  *See Green v. Mansour*, 474 U.S. 64, 73, 106 S. Ct. 423, 428 (1985).  Plaintiff has also failed to allege facts that demonstrate he is entitled to injunctive relief.  *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996) (discussing the four factors considered in evaluating a request for an injunction).

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss with prejudice: (1) all of Plaintiff's claims against Defendants Auburn Police Department and Canine Officer Rocky; (2) all of Plaintiff's federal and state tort law claims; (3) all of Plaintiff's Section 1983 claims against Defendants City of Auburn and Chief of Police Phillip Crowell; (4) all of Plaintiff's Section 1983 claims for violations of his First and Eighth Amendment rights; (4) and (5) deny Plaintiff's request for declaratory and injunctive relief.

DATED:  August 9, 2018

/s/ Kasia S. Park
Edward R. Benjamin, Jr.
Kasia S. Park
*Attorneys for Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Kasia S. Park, hereby certify that on August 9, 2018 I electronically filed the above

Defendants' Partial Motion to Dismiss with Incorporated Memorandum of Law with the Clerk of

Court using the CM/ECF system which will send notifications of this filing to all parties of record.

A copy of the foregoing has also been sent to Plaintiff via U.S. Mail at:

> Romelly Dastinot
> #08543-036
> U.S. Penitentiary
> Inmate Mail/Parcels
> P.O. Box 1033
> Coleman, FL  33521

*/s/ Kasia S. Park*
Kasia S. Park
*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
