UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROMELLY DASTINOT,                )
                                 )
        Plaintiff                )
                                 )
    v.                           )   2:18-cv-00166-JAW
                                 )
AUBURN POLICE DEPARTMENT,        )
et al.,                          )
                                 )
        Defendants               )

## RECOMMENDED DECISION ON DEFENDANTS' PARTIAL MOTION TO DISMISS

In this action, Plaintiff alleges Defendants deprived him of certain constitutional rights in connection with his arrest. (Complaint ¶ IV, ECF No. 1.)

The matter is before the Court on Defendants' Partial Motion to Dismiss. (Motion to Dismiss, ECF No. 14.) Through their motion, Defendants contend Plaintiff has failed to allege sufficient facts to support all of his claims.

Following a review of the relevant pleadings and after consideration of Defendants' arguments,[1] I recommend the Court grant in part the motion.

### Background

The following facts are derived from Plaintiff's complaint and are accepted as true for purposes of evaluating the pending motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

---

[1] Plaintiff did not file an opposition to Defendants' motion.

According to Plaintiff, on February 15, 2014, while Plaintiff was waiting for a taxi outside a business establishment, Defendant Watkins, an officer with the Auburn Police Department, grabbed Plaintiff, put him against a car, and held him there. When Plaintiff asked why he was being arrested, another officer, Defendant Lemos, used a taser on Plaintiff, which caused Plaintiff to fall to the ground. Plaintiff alleges that while he was on the ground, the officers pressed Plaintiff's face into the pavement, and held him on the ground. A third officer, Defendant Ham, then instructed his police canine to attack Plaintiff, and the canine bit Plaintiff in the leg. At the police station, Plaintiff overhead an unidentified officer instruct the booking officers to assign a high bail. (Complaint at 6 – 8.) Ultimately, according to Plaintiff, all charges against Plaintiff were dismissed. (*Id.* at 9.)

Plaintiff asserts Defendants violated his rights under the First Amendment, the Fourth Amendment, and the Eighth Amendment.[2] He also alleges state law claims of assault and battery, false arrest, abuse of process, infliction of emotional distress, and negligence. (*Id.* at 4 – 5.) Plaintiff further asserts that Defendant Crowell, the Auburn Chief of Police, is liable for the conduct of his subordinate officers. (*Id.* at 6.) In the caption of his complaint, Plaintiff included the City of Auburn as a defendant.[3] (*Id.* at 1.)

---

[2] Plaintiff cited the Federal Tort Claims Act (FTCA) as the basis for a potential federal claim. (Complaint at 4.) Defendants correctly argue (Motion to Dismiss at 5 – 6) that the defendants are not subject to liability under the FTCA because they are not federal officers.

[3] Plaintiff also asserted his claims against the police canine that bit him. Defendants correctly argue (Motion to Dismiss at 4 – 5) that a canine is not a proper defendant.

## Discussion

### A. Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Failure to State a Claim

Defendants contend Plaintiff has failed to state an actionable claim except for his claims against Defendants Ham, Lemos, and Watkins for unlawful arrest and excessive force.

#### *1. First Amendment*

The First Amendment, the substantive protections of which are incorporated into the Fourteenth Amendment and thereby made applicable to the states, *Janus v. Am. Fed'n of State*, *Cty.*, *& Mun. Emp.*, 138 S. Ct. 2448, 2463 (2018), prohibits a governmental actor from retaliating against a citizen based on the citizen's exercise of rights protected under the First Amendment. *Gericke v. Begin*, 753 F.3d 1, 6 (1st Cir. 2014). "In a section 1983 claim of retaliatory … activity, a plaintiff must prove that [his] conduct was constitutionally protected and was a substantial or motivating factor for the retaliatory decision, and that there was no probable cause for the criminal charge." *Id.* (internal quotation marks and citation omitted).

Defendants argue Plaintiff's First Amendment claim should be dismissed because his allegations are conclusory and not fact-based. (Motion to Dismiss at 10.) Although Plaintiff has not alleged detailed facts regarding his communication with Defendants, he has asserted that when he asked for the reason for his arrest, one of the defendants used a taser, which caused him to fall to the ground. Accepted as true, and giving Plaintiff the benefit of all reasonable inferences, Plaintiff's allegation is sufficient to state a plausible First Amendment claim. *Hopkins v. Claroni*, No. 1:13-cv-229-DBH, 2015 WL 2371654, at *3 (D. Me. May 18, 2015).

### *2. Eighth Amendment*

The Eighth Amendment, which similarly applies to the states through the Fourteenth Amendment, *Miller v. Alabama*, 567 U.S. 460, 503 (2012), prohibits "[e]xcessive bail" and "cruel and unusual punishments." U.S. Const. Amend. VIII.

Defendants argue Plaintiff's Eighth Amendment claim should be dismissed because the Cruel and Unusual Punishments Clause applies only to convicted prisoners. (Motion to Dismiss at 10, citing *Whitley v. Albers*, 475 U.S. 312, 318 – 19 (1986).) In *Whitley*, the Supreme Court wrote: "The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley*, 475 U.S. at 318 (quoting *Ingraham v. Wright*, 430 U.S. 651, 664 (1977)). Given that Plaintiff does not allege he was convicted of any crime, Plaintiff's claim does not implicate the Eighth Amendment.

Defendants also persuasively contend that Plaintiff's allegations concerning bail are insufficient. Plaintiff has failed to assert any facts regarding the bail process, the amount of bail established, or any other facts that would support an excessive bail claim.

### *3. City of Auburn and Chief Crowell*

Defendants argue Plaintiff has not alleged sufficient facts to support a claim against the City of Auburn or Defendant Crowell, the city's Chief of Police. (Motion to Dismiss at 6 – 9.)

a. Municipal liability

A municipality may be liable to those subjected to the deprivation of a constitutional right by a municipal officer if the deprivation is shown to be the product of a municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("We [hold] that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")

Plaintiff has asserted no facts that would support a plausible inference that the alleged retaliatory arrest and excessive force employed by Defendants Ham, Lemos, and Watkins were the product of or in accordance with an official policy or custom of the City of Auburn or Defendant Crowell.

b. Supervisory liability

> [A] supervisor is not liable under § 1983 for the actions of a subordinate on a respondeat superior theory. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). Rather, the supervisor is liable for the subordinate's actions if the subordinate's behavior led to a constitutional violation and if "the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176–77 (1st Cir. 2008) (brackets omitted) (quoting *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008)).

*Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016).

Plaintiff has not alleged facts to suggest Defendant Crowell directed the conduct about which Plaintiff complains, or that he encouraged, condoned, acquiesced in, or demonstrated deliberate indifference to the conduct.

### 4. *State Law Claims*

Defendants argue the state law claims are barred by the Maine Tort Claims Act (MTCA) because Plaintiff failed to file suit within two years of the accrual of his claim. (Motion to Dismiss at 6.)

"Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an assert claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). Under the MTCA, "[e]very claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues." 14 M.R.S. § 8110. Here, Plaintiff alleges the incident underlying his claims occurred on February 15, 2014. Plaintiff commenced this action with the filing of his complaint on April 23, 2018, more than four years after the incident. Plaintiff's state law claims, therefore, are barred because he did not file the claims within the applicable two-year statute of limitations.[4]

---

[4] According to Plaintiff's complaint, he previously filed suit in Maine Superior Court, in May of 2017, which complaint was dismissed. (Complaint at 2.) Plaintiff's state law claims were barred by the MTCA even as of May, 2017, which was more than three years after the accrual of his claims.

## Conclusion

Based on the foregoing analysis, I recommend the Court grant in part Defendants' Partial Motion to Dismiss Plaintiff's complaint. (ECF No. 14.) Specifically, I recommend the Court dismiss all of Plaintiff's claims except Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Ham, Lemos, and Watkins for unlawful arrest, excessive force, and retaliation for the exercise of Plaintiff's First Amendment rights.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of September, 2018.