UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROMELLY DASTINOT<br><br>　　　　Plaintiff<br><br>v.<br><br>AUBURN POLICE DEPARTMENT,<br>CITY OF AUBURN,<br>PHILLIP L. CROWELL, JR.,<br>CANNINE OFFICER ROCKY,<br>LT. SCOTT WATKINS,<br>OFFICER TYLER HAM, and<br>OFFICER MARK LEMOS<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Docket No. 2:18-cv-00166-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COME Defendants Scott Watkins, Tyler Ham and Mark Lemos ("Defendants"), by and through undersigned counsel and answers Plaintiff's Complaint as follows:

Plaintiff has not separately numbered the paragraphs of his Complaint, as required by F.R.Civ.P.10(b). Defendants are referring to the paragraphs of the Complaint by number, and numbering their responses accordingly, with the numbers following the sequence of Plaintiff's allegations, in order.

1. The allegations contained in paragraph 1 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

**JURISDICTION AND VENUE**

2. The allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

3. The allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

4. The allegations contained in paragraph 4 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

5. The allegations contained in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

6. The allegations contained in paragraph 6 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

**PLAINTIFF**

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

**DEFENDANT(S)**

8. No response is required as Crowell is not a Defendant.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

14. The allegations contained in paragraph 14 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

## FACTUAL BACKGROUND OF EVENTS

17. Defendants are without knowledge or information sufficient to for a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

## EXHAUSTION OF LEGAL REMEDIES/REQUIREMENTS

31. No response is required because all claims under the Maine Tort Claims Act and the Federal Tort Claims Act have been dismissed.

## LEGAL CLAIMS

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Plaintiffs have failed to mitigate their own damages.

5. Defendants affirmatively defend by stating that Plaintiff's claims are barred by the doctrine of absolute immunity and/or qualified immunity.

6. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7. Plaintiff's arrest was based upon probable cause.

8. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

9. No clearly established rights of Plaintiff were violated by Defendants' actions.

10. The amount of force used by these Defendants to take Plaintiff into custody was objectively reasonable in light of the facts and circumstances surrounding the incident, including Plaintiff's refusal to submit and resistance to being taken into custody.

11. The amount of force used, if any, by these Defendants was only that amount which these Defendants subjectively believed was reasonable and necessary under the circumstances.

12. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

## JURY DEMAND

Defendants Scott Watkins, Tyler Ham and Mark Lemos hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).


DATED: October 9, 2018                     */s/ Edward R. Benjamin*
                                           Edward R. Benjamin, Jr.
                                           Kasia S. Park
                                           *Attorneys for Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

5

## **CERTIFICATE OF SERVICE**

I, Edward R. Benjamin, Jr., hereby certify that on October 9, 2018 I electronically filed the above Defendants' Answer to Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system which will send notifications of this filing to all parties of record. A copy of the foregoing has also been sent to Plaintiff via U.S. Mail at:

>Romelly Dastinot
>#08543-036
>U.S. Penitentiary
>Inmate Mail/Parcels
>P.O. Box 1033
>Coleman, FL 33521

*/s/ Edward R. Benjamin*
Edward R. Benjamin, Jr.
*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 772-1941
ebenjamin@dwmlaw.com