UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROMELLY DASTINOT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:18-cv-00166-JAW |
| AUBURN POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

**ORDER ON RECOMMENDED DECISION ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Pro se plaintiff filed suit against a local police department and its individual police officers pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights. The plaintiff also claims that the police department and officers violated the Federal Tort Claims Act by acting with gross negligence and by using excessive force against him. The plaintiff seeks declaratory and injunctive relief.

The defendants moved to dismiss all the plaintiff's claims except for the unlawful arrest and excessive force claims against three individual defendants. The Magistrate Judge recommended that all the plaintiff's claims be dismissed except his claims under § 1983 for unlawful arrest, excessive force, and retaliation for the exercise of his First Amendment rights. Plaintiff objected. Because the plaintiff's objections are either procedurally barred or lack merit, the Court affirms the Magistrate Judge's Recommended Decision.

I.     **BACKGROUND**

On April 23, 2018, Rommelly Dastinot filed a complaint against the city of

Auburn police department, the chief of the Auburn police department, and other individual police officers (the Defendants), alleging violations of his First Amendment, Fourth Amendment, and Eighth Amendment rights under § 1983 as well as state tort claims of assault and battery, abuse of process, false arrest, infliction of emotional distress, and negligence.[1] *Compl.* at 4-5 (ECF No. 1). The Magistrate Judge outlined the alleged facts:

> On February 15, 2014, while [Mr. Dastinot] was waiting for a taxi outside a business establishment, Defendant Watkins, an officer with the Auburn Police Department, grabbed [Mr. Dastinot], put him against a car, and held him there. When [Mr. Dastinot] asked why he was being arrested, another officer, Defendant Lemos, used a taser on [Mr. Dastinot], which caused [Mr. Dastinot] to fall to the ground. [Mr. Dastinot] alleges that while he was on the ground, the officers pressed [his] face into the pavement, and held him on the ground. A third officer, Defendant Ham, then instructed his police canine to attack [Mr. Dastinot], and the canine bit [Mr. Dastinot] in the leg. At the police station, [Mr. Dastinot] overhead an unidentified officer instruct the booking officers to assign a high bail. ([*Compl.*] at 6 – 8.) Ultimately, according to [Mr. Dastinot], all charges against [him] were dismissed.

*Recommended Decision on Defs.' Partial Mot. to Dismiss*, at 2. (ECF No. 16) (*Recommended Decision*). On August 9, 2018, the Defendants filed a partial motion to dismiss for failure to state a claim. *Defs.' Partial Mot. to Dismiss* (ECF No. 14) (*Defs.' Mot.*). Mr. Dastinot did not respond to the Defendants' motion.

On September 21, 2018, the Magistrate Judge recommended dismissal of all Mr. Dastinot's claims except his claims under 42 U.S.C. § 1983 against Defendants Tyler Ham, Mark Lemos, and Scott Watkins for unlawful arrest, excessive force, and

---

[1] As the Magistrate Judge noted, and as the Defendants highlighted, Mr. Dastinot also asserted claims under the Federal Tort Claims Act (FTCA) (28 U.S.C. §§ 2671, *et seq.*). However, because the Defendants are not federal officers they are not subject to liability under the FTCA.

2

retaliation for the exercise of his First Amendment rights. *Recommended Decision* at 8. In a document dated October 1, 2018, Mr. Dastinot stated that he intended to file an objection to the Magistrate Judge's Recommended Decision and asked the Court to appoint him a lawyer for this suit. *Notice of Obj. to Recommended Decision on Defs.' Partial Mot. to Dismiss*, at 1-2 (ECF No. 18) (*Pl.'s Notice of Obj.*). On October 9, 2018, Mr. Dastinot sent a letter—dated October 2, 2018—to the Court reiterating his request for the appointment of counsel. *Letter Mot. to Appoint Counsel* (ECF No. 19). On October 10, 2018, the Magistrate Judge denied Mr. Dastinot's request for the appointment of counsel. *Order on Pl.'s Mot. to Appoint Counsel* (ECF No. 20).

On October 12, 2018, the Defendants filed a response to Mr. Dastinot's notice of objection to the Recommended Decision. *Defs.' Resp. to Pl.'s Obj. to Recommended Decision on Defs.' Partial Mot. to Dismiss* (ECF No. 21) (*Defs.' Opp'n*). Then, on October 22, 2018, the Clerk's office docketed Mr. Dastinot's supplemental objection to the Recommended Decision—dated October 16, 2018. *Pl.['s] Objs. to U.S. Magistrate Judge's Recommended Decision on Defs.' Partial Mot. to Dismiss* (ECF No. 22) (*Pl.'s Suppl. Obj.*). On October 31, 2018, the Defendants' filed a response to Mr. Dastinot's supplemental objection. *Defs.' Resp. to Pl.'s Suppl. Obj. to Recommended Decision on Defs.' Partial Mot. to Dismiss* (ECF No. 23) (*Defs.' Suppl. Opp'n*).

## II.   THE RECOMMENDED DECISION

The Magistrate Judge concluded Mr. Dastinot failed to adequately allege facts to state a claim except his claims under § 1983 for unlawful arrest, excessive force, and retaliation for the exercise of his First Amendment rights against Defendants Watkins, Ham, and Lemos. *Recommended Decision* at 8.

Taking Mr. Dastinot's allegations as true and all reasonable inferences in favor of Mr. Dastinot, the Magistrate Judge concluded Mr. Dastinot adequately alleged a First Amendment claim in claiming that "when he asked for the reason for his arrest, one of the defendants used a taser, which caused him to fall to the ground." *Id.* at 4. The Magistrate Judge determined this stated a plausible First Amendment retaliation claim. *Id.* (citing *Hopkins v. Claroni*, No. 1:13-cv-229-DBH, 2015 WL 2371654, at *3 (D. Me. May 18, 2015)). The Defendants did not move to dismiss Mr. Dastinot's claims for unlawful arrest and excessive force against Defendants Ham, Lemos, and Watkins. *Id.* at 4*; Defs.' Mot.* at 9-10.

The Magistrate Judge concluded that Mr. Dastinot failed to adequately state a claim under the Eighth Amendment. *Recommended Decision* at 5. He reasoned that because Mr. Dastinot does not allege he was convicted of any crime, the Cruel and Unusual Punishment Clause of the Eighth Amendment is inapplicable to him because it "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Id.* (citing *Defs.' Mot.* at 10) (citing *Whitley v. Alber*s, 475 U.S. 312, 318)). The Magistrate Judge also concluded that Mr. Dastinot failed to adequately allege facts to support an excessive bail claim. *Id.*

The Magistrate Judge determined that Mr. Dastinot failed to state sufficient facts to state a claim as to support his municipal liability claim against the city of Auburn and his supervisor liability claim against the Auburn Chief of Police, Phillip L. Crowell. *Id.* at 5-6. In regard to the former, the Magistrate Judge cited United

4

States Supreme Court precedent, which provides that to bring a municipal liability claim under § 1983, a claimant must present facts establishing that the injury or violation brought upon by municipal employees was "the product or in accordance with an official policy of custom of the city of Auburn, or Defendant Crowell." *Id.* at 6 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). As for the supervisor liability claim, the Magistrate Judge concluded Mr. Dastinot did not allege facts showing that Chief Crowell "directed the conduct about which [he] complains, or that he encouraged, condoned, acquiesced in, or demonstrated deliberate indifference to the conduct[]" and thus failed to state a claim for supervisor liability.

Lastly, the Magistrate Judge found that Mr. Dastinot's tort claims are barred under the Maine Tort Claims Act's (MTCA) two-year statute of limitations. *Id.* at 7. The Magistrate Judge reasoned that the underlying event Mr. Dastinot bases these claims on took place on February 15, 2014, and he filed the Complaint on April 23, 2018, making his tort claims untimely. *Id.* (citing 14 M.R.S. § 8110).

### III. POSITIONS OF THE PARTIES

#### A. Mr. Dastinot's Objection[2]

Mr. Dastinot states he "believes that he can prove at trial through witnesses and other evidence that his bail was in fact excessive and retaliatory[]", and, in support, cites *Herzog v. United States*, 75 S. Ct. 349 (1955). *Pl.'s Suppl. Obj.* at 4.

---

[2] The Court refers to Mr. Dastinot's supplemental objection to frame his position because his notice of objection does not include any arguments supporting his objection, but only states that he objects to the Recommended Decision, and that he will file a memorandum supporting his objections. *Pl.'s Notice of Obj.* at 1-2.

5

Mr. Dastinot also contends that the Magistrate Judge erred in concluding that his Maine state tort claims are untimely. *Id.* Mr. Dastinot asserts:

> It is well settle[d] by the Supreme Court of the United States that a civil claim (in this case "State Law Claims") cannot be use[d] as a vehicle for dismissing a criminal charge . . . [which] follows from a broader principle that a § 1983 claim should not function as a means by which to relitigate the facts underlying a conviction."

*Id.* at 4-5. Consequently, Mr. Dastinot says his tort claims "are not barred by the two-year [s]tatute of limitations, because the Plaintiff['s] case was dismissed on March 10, 2016, and the Plaintiff did in fact act within two-years of that date." *Id.* at 4. Mr. Dastinot also asks the Court to grant him leave to amend his complaint so that "he can assert the facts that would support the Plaintiff['s] claims against the [c]ity of Auburn." *Id.* at 6.

### B. The Defendants' Opposition Memoranda to Mr. Dastinot's Objections

In their initial response to Mr. Dastinot's notice of objection, the Defendants argue that Mr. Dastinot fails to identify to what he is objecting and does not provide any basis of law or fact for his objections. *Defs.' Opp'n* at 2. The Defendants say while Mr. Dastinot may have complied with filing the notice within the response period pursuant to the "prisoner mailbox rule", there was no basis to enlarge the response period and Mr. Dastinot's notice undercuts his claim that he lacked the requisite legal resources to respond. *Id.* (citation omitted). The Defendants also claim that since Mr. Dastinot did not file an opposition to their partial motion to dismiss, his inaction "constitutes waiver of any objection." *Id.* at 3 (citing D. ME. LOC. R. 7(b); *Andrews v. Am. Red Cross Blood Servs., New England Region*, 251 F. Supp. 2d 976, 979 (D. Me.

6

2003)).

In their supplemental opposition, the Defendants claim that Mr. Dastinot's supplemental objection is untimely and should not be considered by the Court. *Defs.' Suppl. Opp'n* at 2. Defendants say that Mr. Dastinot tries to assert new allegations not contained in his Complaint, and that this is improper because, outside of very limited circumstances, the Court should only consider the allegations contained in the Complaint. *Id.* at 2-3.

The Defendants argue that even if the Court were to look past the procedural improprieties of Mr. Dastinot's objections, his arguments lack merit. *Id.* at 3. The Defendants contend that Mr. Dastinot's newly asserted information on his bail supports the conclusion that he fails to state a claim under the Eighth Amendment because it "demonstrates that a bail commissioner set the amount of the bail, not the Defendants named herein." *Id.* The Defendants assert Mr. Dastinot uses conclusory and vague assertions to support his Eighth Amendment claim, and note that he does not "allege any facts suggesting that he properly challenged the alleged excessive bail pursuant to the remedies provided under State law." *Id.* at 4 (citing 15 M.R.S. §§ 1001, *et. seq.*).

The Defendants aver that the Magistrate Judge correctly concluded that Mr. Dastinot was time-barred under the MTCA:

> [Mr. Dastinot] attempts to avoid this conclusion by arguing the following: the date of accrual for his state law tort claims was not until March 10, 2016, the date the State's criminal charges against him were dismissed; that his prior action filed in state court in May 2017 was therefore timely based on the March 10, 2016 accrual date; and, that his prior action tolled or even restarted the statute of limitations applicable

7

to his federal action.

*Id.* at 5. The Defendants say that a tort claim arises when one "sustains harm to a protected interest," which was February 15, 2014—the date of Mr. Dastinot's arrest. The Defendants argue that the state criminal charges do not alter the timing of this accrual and have no tolling effect. *Id.* To the degree Mr. Dastinot is basing his argument on *Heck v. Humphrey*, 512 U.S. 477 (1994), the Defendants contend this argument is misplaced because "*Heck* discusses the preclusive effect of a criminal conviction on a subsequent § 1983 claim and is inapplicable to Plaintiff's state law tort claims." *Id.* The Defendants argue that the fact that Mr. Dastinot previously filed an alleged "untimely action does not restart or toll the limitation period . . .." *Id.* at 6 (citing *Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 554 (1st Cir. 2005); *Adams v. Landry*, No. 2:17-cv-00357-JAW, 2018 WL 4265160, at *4 (D. Me. Sept. 6, 2018), *report and recommendation adopted*, (D. Me. Oct. 1, 2018)).

The Defendants argue that the Court should deny Mr. Dastinot's request for leave to amend his Complaint. *Id.* They contend that Mr. Dastinot does not elaborate on what facts he proposes to include and that without such information, the Court cannot evaluate whether amending the Complaint would be futile. *Id.* at 6-7 (citing *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 60-61 (1st Cir. 2013)). Moreover, because this case has been pending since April 2018, Defendants contend that allowing Mr. Dastinot to amend his Complaint, and for them to potentially file another motion to dismiss, would cause unnecessary delay. *Id.*

## IV. DISCUSSION

After reviewing the record, including the Recommended Decision and Mr.

Dastinot's objections to it, the Court agrees with the Recommended Decision and accordingly adopts it. Mr. Dastinot's supplemental objection asserts new allegations and documentation, not presented to the Magistrate Judge, and his notice of objection does not comply with the Federal Rules of Civil Procedure and this District's local rules. Even if the Court looks past Mr. Dastinot's procedural missteps, his arguments for why the Court should not adopt the Recommended Decision lack merit.

### A. Procedural Improprieties

#### 1. Failure to Object to Motion to Dismiss

Mr. Dastinot entirely failed to object to the Defendants' motion to dismiss when the motion was before the Magistrate Judge, and he is now seeking to present to this Court arguments he did not make to the Magistrate Judge. By failing to respond in the first place to the motion to dismiss, Mr. Dastinot prevented the Magistrate Judge from considering the arguments that now form the basis of his objection.

This he cannot do. "Parties must take before the magistrate, not only their 'best shot' but all of their shots." *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (per curiam) (internal quotation marks and citation omitted); *Stile v. Somerset Cty.*, No. 1:13-cv-00248-JAW, 2015 WL 667814, at *2, 2015 U.S. Dist. LEXIS 18561, at *5 (D. Me. Feb. 17, 2015); *Flanders v. Mass Resistance*, 1:12-cv-00262-JAW, 2013 U.S. Dist. LEXIS 71517, at *6 (D. Me. May 21, 2013). Mr. Dastinot is "not entitled to de novo review of an argument never raised." *Borden*, 836 F.2d at 6. The First Circuit has held that "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before

9

the magistrate." *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 (1st Cir. 2007) (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)). On this basis alone, the Court may refuse to consider arguments never before pressed and overruling the objections.

### 2. Materials Outside of the Complaint

In limited circumstances when analyzing a Rule 12(b)(6) motion, the Court may consider documents not attached to the complaint. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) ("[T]hese narrow exceptions . . . include documents the authenticity of which are not disputed by the parties; documents central to plaintiffs' claim; or documents sufficiently referred to in the complaint" (internal punctuation and citation omitted); *see also Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir. 1993); *Stile*, 2015 WL 667814, at *2 (citation and internal quotation marks omitted) ("The law allows the Court to consider . . . documents attached to the complaint or any other documents integral to or explicitly relied upon in the complaint, even though not attached to the complaint"). Assuming the Court were to find that these documents are "integral or explicitly relied upon in the complaint," *id.*, Mr. Dastinot did not present them to the Magistrate Judge. The same rule that applies to arguments not pressed applies to documents not presented. The Court may not consider the documents because Mr. Dastinot did not give the Magistrate Judge an opportunity to consider them.

Nevertheless, cognizant of his pro se status, the Court will not rest its decision solely on Mr. Dastinot's failure to argue before the Magistrate Judge and will turn to

10

the substantive merits of his objections.

### B. Merits of Objections

#### 1. Excessive Bail

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Courts require "a bail bond or the deposit of a sum of money subject to forfeiture [so] as [to provide] additional assurance of the presence of an accused." *Stack v. Boyle*, 342 U.S. 1, 5 (1951).

Mr. Dastinot's Eighth Amendment excessive bail objection largely tracks the allegation in his Complaint:

> [He] was unlawfully arrested by the defendants and given a four thousand dollars bail, right after the [he] heard an officer verbally instructed the booking officer to give [him] an excessive bail, in retaliation for [Mr. Dastinot] expressing his concern with how he was treated and filing a lawsuit against the officer for violating [his] civil rights.

*Pl.'s Suppl. Obj.* at 4 (internal quotation marks omitted). Neither the complaint nor the supplemental objection identifies which officer(s) imposed bail. In fact, the bail bond is signed by the bail commissioner, but the bail commissioner has not been named as a defendant. There are circumstances in which a police officer, although not authorized to set bail, can be liable for excessive bail. *See Wagenmann v. Adams*, 829 F.2d, 196, 212-13 (1st Cir. 1987) (upholding a jury's determination that a police officer violated the Eighth Amendment by imposing excessive bail even though he lacked statutory authority to do so, was proper in light of the "plentitude of evidence" showing the police officer's "intimate involvement in the bail decision"). But, here,

11

the record is devoid of specific factual allegations showing which and how the Defendants were involved in Mr. Dastinot's bail bond determination. Mr. Dastinot's other allegations to support this claim are merely conclusionary. Mr. Dastinot fails to state a claim for excessive bail under the Eighth Amendment, and the Magistrate Judge properly concluded that the claim should be dismissed.

### 2. Tort Claims

Section 8110 of the MTCA provides that "[e]very claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues." A tort action accrues "when the plaintiff sustains harm to a protected interest . . .." *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me. 1987) (citation omitted). "In other words, it accrues at the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication." *McLaughlin v. Superintending Sch. Comm. of Lincolnv*ille, 2003 ME 114, ¶ 22, 832 A.2d 782 (citation and internal quotation marks omitted).

Mr. Dastinot's tort claims stem from the date of his arrest on February 15, 2014, allegedly at the hands of three of the individual Defendants. Accordingly, absent an exception, Mr. Dastinot had until February 15, 2016, to bring his tort claims against the Defendants. Mr. Dastinot says that he filed a lawsuit in the state of Maine Superior Court on May 19, 2017 and that it was dismissed on January 3, 2018. *Compl.* at 2. Accepting these allegations as true, both Mr. Dastinot's state lawsuit and his federal lawsuit, which was filed on April 23, 2018, were commenced

12

after February 15, 2016. In his supplemental objection, Mr. Dastinot seems to argue that his current complaint was within the MTCA's statute of limitations because it was filed within two years after his state criminal charges were dismissed. *Pl.'s Supp. Obj.* at 4-5 ("The Plaintiff's State Law Claims, therefore, are not barred by the two-year Statute of Limitations, because the Plaintiff['s] case was dismissed on March 10, 2016, and the Plaintiff did in fact act within two-years of that date").

As the Defendants note, although not cited, Mr. Dastinot seems to base this argument on *Heck v. Humphrey*, 512 U.S. 477 (1994). *Defs.' Suppl. Opp'n* at 5. In *Heck*, the United States Supreme Court addressed whether a state prisoner could "challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. The Supreme Court stated:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . ..

*Id.* at 486. *Heck's* reasoning can be used both defensively and offensively. A defensive use of *Heck* prevents a plaintiff from basing a civil action that, if successful, would invalidate that plaintiff's criminal conviction based on the same conduct for the civil suit. Mr. Dastinot is asserting an offensive use of *Heck* as he is advocating that *Heck* tolled the MTCA's statute of limitations, sometimes referred to as the "deferred accrual rule." Under *Heck*, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90.

Although the statute of limitations for § 1983 claims is governed by state law,

13

the accrual date of the § 1983 claim is determined by federal law. *Harrington v. City of Nashua*, 610 F.3d 24, 28 (1st Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). In *Wallace,* the Supreme Court stated an action accrues "when the plaintiff has a complete and present cause of action[,] . . . [meaning] the plaintiff can file suit and obtain relief." 549 U.S. at 388 (citations and internal quotation marks omitted). The *Wallace* Court further explained that courts are to look to state law for tolling rules just as they do for the length of statute of limitations. *Id.* at 394.

Mr. Dastinot's use of *Heck* is misplaced. The deferred accrual rule potentially applies to claims filed under the umbrella of § 1983. Here, Mr. Dastinot is seeking redress for tort claims brought under state law. As previously noted, Maine state law provides that a tort action accrues when one sustains harm to a protected interest. Given that the relevant tort claims accrued on the date of Mr. Dastinot's arrest on February 15, 2014, because the MTCA's limited tolling provisions are inapplicable and because Mr. Dastinot cited no statute or case supporting that his claims should otherwise be tolled, Mr. Dastinot's state law tort claims are barred by the MTCA's two-year statute of limitations.

### C. Leave to Amend to Complaint

In his supplemental objection, Mr. Dastinot also asks the Court to grant him leave to amend his Complaint "so he can assert the facts that would support the Plaintiff claims against the City of Auburn." *Pl.'s Suppl. Obj.* at 6. The Defendants respond that the lack of specificity undermines Mr. Dastinot's request to amend because there is no basis to conclude whether or not his possible amendment would be futile. *Defs.' Suppl. Opp'n* at 6-7.

14

Federal Rule of Civil Procedure 15(a)(2) provides that "[a] court should freely give leave when justice so requires." But this Rule does not require "a trial court [to] mindlessly grant every request for leave to amend." *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). "[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). A court should consider the totality of the circumstances when deciding whether to grant a motion for leave to file an amended complaint. *Id.* In the First Circuit, "[t]he absence of supporting information may, in and of itself, be a sufficient reason for the denial of leave to amend." *Aponte-Torres*, 445 F.3d at 58.[3]

In the Recommended Decision, the Magistrate Judge stated Mr. Dastinot "has asserted no facts that would support a plausible inference that the alleged retaliatory arrest and excessive force employed by Defendants Ham, Lemos, and Watkins were the product of or in accordance with an official policy or custom of the City of Auburn or Defendant Crowell." *Recommended Decision* at 6. Mr. Dastinot now asks for leave to amend his complaint to support his claims against the city of Auburn but does not specify how he intends to amend his complaint against the city of Auburn, nor does he offer any supporting legal argument for why the Court should grant his request. The Court dismisses Mr. Dastinot's request for leave to amend his complaint.

---

[3]    Mr. Dastinot failed to comply with the procedural rules to amend his Complaint. *See Levitt v. Sonardyne, Inc.*, No. 2:12-cv-00032-JAW, 2012 WL 5350037, at *2 (D. Me. Oct. 29, 2012) (explaining the procedural requirements a party should follow in requesting leave to file an amended complaint); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1485, at 688 (3d ed.2010) ("[A] copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed").

## V. CONCLUSION

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 16) be and hereby is <u>AFFIRMED</u>.

2. It is <u>ORDERED</u> that all of Rommelly Dastinot's claims contained in his Complaint (ECF No. 1) be and hereby are <u>DISMISSED</u> except for his claims under 42 U.S.C. § 1983 against Defendants Ham, Lemos, and Watkins for unlawful arrest, excessive force, and retaliation for the exercise of his First Amendment rights.

3. It is further <u>ORDERED</u> that Rommelly Dastinot's request for leave to amend his Complaint is <u>DISMISSED</u> without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2019